

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MARK RENE FLORES §
 §
    Petitioner, §
 §
v. § 2:08-CV-0213
 §
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
 §
    Respondent. §

## REPORT AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner MARK RENE FLORES has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state conviction for the offense of aggravated assault against a public servant. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief is successive and should be DISMISSED.

### I.
### PROCEDURAL HISTORY

On July 31, 2003, the 248th District Court of Harris County, Texas, convicted petitioner, upon petitioner's guilty plea, of aggravated assault on a public servant. Petitioner received a sentence of twenty-five years' incarceration. Petitioner did not directly appeal the judgment. He did, however, file a petition for habeas corpus relief on March 24, 2005, which was denied without written order on May 4, 2005. *In re Flores*, WR-61,426-02. Petitioner then filed a federal petition for habeas corpus relief with the United States District for the Southern District of Texas on July 11, 2005. *Flores v. Dretke*,

Cause No. 4:05-CV-02401. That petition was denied on February 9, 2006. *Id.*

More than two years passed until petitioner filed another petition for habeas corpus relief with the state court on September 4, 2008. *In re Flores*, WR-61,426-03. The Texas Court of Criminal Appeals dismissed petitioner's motion under the Texas Code of Criminal Procedure article 11.07, section 4[1] on October 1, 2008. *Id.* After this dismissal, petitioner filed the instant petition for habeas corpus relief with this Court on November 21, 2008.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States because the trial court improperly enhanced petitioner's punishment.

III.
PERMISSION TO FILE APPLICATION

By the instant federal habeas corpus application, petitioner challenges his conviction for the offense of aggravated assault on a public servant. Petitioner has challenged his aggravated assault conviction and twenty-five year sentence in a previous federal habeas corpus application filed in the United States District Court for the Southern District of Texas. *See Flores v. Dretke*, No. 4:05-CV-02401. On February 9, 2006 that court denied petitioner's federal habeas corpus application.

Title 28 U.S.C. section 2244(b)(3)(A) provides that *before* a second or successive application permitted by section 2244(b)(2) is *filed* in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A), which became effective April 24, 1996, creates a "gatekeeping" mechanism at the

---

[1]This section states,

If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application . . . .

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2007).

appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.* Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The federal court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. section 2244(b)(2).

The strictures of section 2244(b)(2) allow a district court to consider a claim presented in a second or successive habeas application[2] that was not presented in a prior application only if the claim (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) is based on a factual predicate that "could not have been discovered previously through the exercise of due diligence" and which, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2241(b)(2). Because petitioner entered a guilty plea for the underlying offense, it would appear he would have to demonstrate he could not have presented his

---

[2]Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's prior habeas applications, challenges petitioner's custody pursuant to his conviction for the offense of aggravated assault in Cause Number 945497 out of the 248th Judicial District Court of Harris County, Texas.

current claim in his prior federal habeas corpus petition because of a new rule of constitutional law.[3] *See id.*

This Court, however, cannot make such a determination—it is bound by the law of Title 28 U.S.C. section 2244(b)(3), and therefore cannot consider the instant application for habeas corpus relief without an order from the United States Court of Appeals for the Fifth Circuit authorizing it to do so. Petitioner has failed to demonstrate that he has obtained such authorization to file the pending federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition with this Court as required by 28 U.S.C. section 2244(b)(3)(A), this Court has no authority to consider his request for relief. Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. section 2244(b)(3)(A).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MARK RENE FLORES be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation

---

[3] Additionally, it is unclear whether petitioner's current claim is sufficiently similar to one of the claims he made to the Southern District to qualify him for automatic dismissal under Title 28 U.S.C. section 2244(b)(1), which states, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

to each party by the most efficient means available.

       IT IS SO RECOMMENDED.

       ENTERED this 2nd day of December 2008.

                                      */s/ Clinton E. Averitte*
                                      CLINTON E. AVERITTE
                                      UNITED STATES MAGISTRATE JUDGE

### * **NOTICE OF RIGHT TO OBJECT** *

       Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

       Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).